IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>    v.<br><br>JAZMIN D. TOWNSEND and<br>MATTHEW J. TOWNSEND,<br>    Defendants | :<br>:<br>:   No. 1:20-cv-00004<br>:<br>:<br>:   (Judge Kane)<br>:<br>:<br>:<br>: |

**MEMORANDUM**

Before the Court is Plaintiff United States of America ("Plaintiff")'s motion for default judgment against Defendants Jazmin D. Townsend and Matthew J. Townsend ("Defendants"). (Doc. No. 14.) Given that Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff and against Defendants.

**I.   BACKGROUND**

On January 2, 2020, Plaintiff initiated the instant mortgage foreclosure action by filing a complaint against Defendants to foreclose on certain real property located at 23 Oxford Circle, New Oxford, Pennsylvania, 17350 (the "Property"). (Doc. No. 1.) The complaint alleges that Plaintiff, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service of the United States Department of Agriculture, loaned Defendants the sum of $148,684.00, pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C.§ 1471, et seq., on July 30, 2007, to finance the purchase of the Property, evidenced by a promissory note (the "note"), executed and delivered to Plaintiff the same day. (Id. ¶¶ 3-4.) As security for payment on the note, Defendants executed and acknowledged a real estate mortgage (the "mortgage"), granting, conveying, and mortgaging the Property to Plaintiff. (Id. ¶ 5.) The mortgage was duly recorded on July 31, 2007 with the Office of the Record of Deeds in Adams

County, Pennsylvania. (Id.) Plaintiff remains the owner and holder of the note and mortgage. (Id. ¶ 6.) According to the complaint's allegations, the note and mortgage are presently in default, for Defendants have failed to tender installments of the principal and interest when due, remit real estate taxes when due, and maintain the security of the property. (Id. ¶ 8.) By Plaintiff's calculation, the amounts due and owing on the note and mortgage as of the date of the complaint are as follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $129,103.20 |
| Interest from 09/28/2017 to 11/07/2019 at 5.7500% | $15,660.39 |
| Interest Recapture | $48,397.60 |
| Late Charges | $78.40 |
| | $193,239.59 |
| Escrow/Impound Required | +$1,609.62 |
| Fees Required with Payoff Funds | +$262.50 |
| Fees Currently Assessed | +$6,501.97 |
| | $201,613.68 |

(Id. ¶ 10.) Due to Defendants' purported default in the performance of their obligations under the note and mortgage, Plaintiff has elected to declare the entire amount of indebtedness, secured by the mortgage and evidenced by the note, immediately due and payable. (Id. ¶ 9.) A notice of intention to foreclose was mailed to Defendants' last known address via certified mail. (Id. ¶ 11.)

    A review of the docket reveals that Defendants were served on February 22, 2020, establishing a deadline for Defendants to file an answer to the complaint by March 16, 2020. (Doc. Nos. 3, 4.) Defendants, however, have not appeared, answered, moved, or otherwise responded to Plaintiff's complaint. Consequently, Plaintiff filed a request with the Clerk to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) (Doc. No. 5), and the Clerk entered default against Defendants on March 17, 2020 (Doc. No. 9). On the same date,

Plaintiff filed a motion for default judgment (Doc. No. 6), along with a supporting brief and affidavit of non-military service (Doc. Nos. 7, 8).

On April 13, 2020, the Court issued an Order directing Plaintiff to submit a status report addressing the applicability of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 4022, to these proceedings, noting that the CARES Act imposed a moratorium on foreclosure proceedings as to certain properties with federally-backed mortgages. (Doc. No. 10.) In response to said Order, Plaintiff filed a status report stating that "[b]ecause of the moratorium put in place by the CARES Act, we will be simultaneously withdrawing the [m]otion for [d]efault [j]udgment" and that "[o]nce the moratorium is lifted, we will be refiling the [m]otion." (Doc. No. 11.) The Court then deemed that motion withdrawn (Doc. No. 13), and on June 29, 2020, Plaintiff filed the instant motion for default judgment (Doc. No. 14), along with a supporting brief and affidavit of non-military service (Doc. Nos. 15, 16). The Court issued an Order on August 7, 2020 directing Plaintiff to advise the Court of the applicability of the CARES Act to its renewed motion for default judgment, "including any extension(s) of the mortgage foreclosure moratorium set forth in the CARES Act" (Doc. No. 17), to which Plaintiff responded with a status report dated August 10, 2020 that states, in pertinent part, that "[a]s of June 26, 2020, it has been confirmed that the underlying property, 23 Oxford Circle, New Oxford, PA 17350, is vacant[,]" which "is further confirmed by both Defendants being served at an alternate address." (Doc. No. 18.) According to Plaintiff, "[t]herefore, the CARES Act does not apply as the Act does not apply to vacant or abandoned properties, and there is no moratorium in place." (Id.) Upon consideration of Plaintiff's submission, the Court considers Plaintiff's motion justiciable, and given that Defendants have not yet responded to the

pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, the motion is ripe for disposition.

## II.   LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine

whether the "unchallenged facts constitute a legitimate cause of action." See Wright, et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion, supporting brief, exhibits, and accompanying affidavits, the Court finds that the entry of default judgment against Defendants and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for mortgage foreclosure because Plaintiff has shown "the existence of an obligation secured by a mortgage, and a default on that obligation." See United States v. Sourbeer, No. 1:16-CV-1161, 2016 WL 5373641, at *1 (M.D. Pa. Sept. 26, 2016) (quoting United States v. Abell, No. 1:09-CV-715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012)). In addition, Plaintiff has offered support for its claim of a sum certain of $201,613.68 in the relevant documents and affidavit accompanying its complaint. (Doc. No. 1-2); see also Sourbeer, 2016 WL 5373641, at *2 ("There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage,

and repayment of the loan, interest, and fees. . . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.'").

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendants. First, Plaintiff will be prejudiced if the Court declines to enter default judgment because Plaintiff is unable to proceed with the action due to Defendants' failure to respond and has no other means of recovering against Defendants. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend."). Second, Defendants have not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendants' silence that Defendants have a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011). Third, the Court cannot discern from the record any excuse or justification for Defendants' default apart from Defendants' own culpability. Indeed, Defendants have failed to enter an appearance or file a timely answer to the complaint and have offered no reasons for their failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendants' failure to participate in this litigation, the Court must conclude that the delay is the result of Defendants' culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering

default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment. (Doc. No. 14.)  An appropriate Order follows.